WILLIAMS, Judge,
dissents with reasons.
I believe that the City’s supporting affidavits show that the Audubon Park Commission is an instrumentality of the City whose employees are actually City employees, and that, for purposes of worker’s compensation, the City acts through the Commission. Leroy J. Aucoin, Assistant Chief Administrative Officer of the City, stated that the City administers and is responsible for worker’s compensation benefits for Audubon Park Commission employees. These benefits are the same as those available to all other City employees and are paid out of the same fund as benefits available to all other City employees. Dale Stastny, Deputy Director of the Audubon Park Commission, stated that all Audubon Park Commission employees except the Director and Deputy Director are classified Civil Service employees of the City. All Audubon Park Commission employees are paid by the City and receive the same health care and life insurance benefits as other City employees. Knowles S. French, Jr., Chief of the Classification and Pay Division of the Civil Service Department of the City, stated that all classified Civil Ser *611 vice Audubon Park Commission employees are actually employees of the City, subject to the same rules and paid in the same manner as all other Civil Service employees of the City.
Thus, the City is the fountainhead of the Audubon Park Commission employees’ pay, insurance benefits and worker’s compensation benefits.
Moreover, the City owns Audubon Park. City of New Orleans v. State of Louisiana, 443 So.2d 562 (La.1983). The Audubon Park Commission, at its inception in 1914, was created for the City and entrusted with management and control of the Park. Id. In his affidavit, Dale Stastny stated that today the Commission is responsible for the park’s care and management. Furthermore, in 1979 the legislature recognized the Audubon Park Commission as an agency of the City when it authorized the City to issue its own negotiable, tax exempt bonds, “acting by and through the Audubon Park Commission,” Id. at 566, for the creation of a zoological garden.
Under the circumstances of this case, I believe that the Audubon Park Commission is merely a subsidiary branch of the City and that the City acting by and through the Audubon Park Commission, does meet the Berry requirements and shares in the Commission’s status of plaintiff’s statutory employer.
Accordingly, I respectfully dissent.